**SEALED**



U.S. Department of Justice

United States Attorney

Eastern District of Louisiana

---

*Jordan Ginsberg*
*Assistant United States Attorney*

*The Poydras Center*
*650 Poydras Street, Suite 1600*
*New Orleans, Louisiana 70130*

*Telephone: 504-680-3121*
*Fax: 504-589-4395*

May 27, 2015

Honorable Ivan L.R. Lemelle
United States District Judge
Eastern District of Louisiana
500 Poydras Street, C-525
New Orleans, Louisiana 70130

    Re:    United States v. John Michael Fowler
              Criminal Docket No. 14-290 "B"

Dear Judge Lemelle:

    In compliance with the holding of *Bryan v. United States*, 492 F.2d 775 (5th Cir. 1974), and with Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the Government wishes to acknowledge the following agreement between the Government and John Michael Fowler, the defendant, in the above-captioned proceeding. Defendant's undersigned counsel, Dylan Utley, Esq., has reviewed the terms of this agreement and has been advised by the defendant that the defendant fully understands the terms of this agreement.

    The Government has agreed that should the Court accept the defendant's plea of guilty as charged to the Bill of Information now pending against him, charging the defendant with engaging in illict sexual conduct in a foreign place, in violation of Title 18, United States Code, Section 2423(c) (Count 1), distribution of images depicting the sexual victimization of children, in violation of Title 18, United States Code, Sections 2252(a)(2) and 2252(b)(1) (Count 2), transmitting interstate communications with intent to extort, in violation of Title 18, United States Code, Section 875(b) (Count 3), receipt of images depicting the sexual victimization of children, in violation of Title 18, United States Code, Sections 2252(a)(2) and 2252(b)(1) (Count 4), and coercion and enticement, and attempted coercion and enticement, of a minor to engage in criminal sexual activity, in violation of Title 18, United States Code, Section 2422(b) (Count 5), the Government agrees that it will not bring any other charges in the Eastern District of Louisiana arising from the defendant's conduct that is detailed in the Factual Basis.

    The defendant acknowledges that he has a right to be indicted by a grand jury on the charges in the Bill of Information because those charges are a felony violation. The defendant agrees to waive, in writing, and at the appropriate time, his right to be charged by grand jury indictment.

\_\_\_ Fee_____
\_\_\_ Process_____
_X_ Dktd_____
\_\_\_ CtRmDep_____
\_\_\_ Doc. No._____

The defendant further agrees to waive any objection he may have to this matter being adjudicated within the Eastern District of Louisiana. As such, he agrees to waive any venue-based objection under Federal Rule of Criminal Procedure 18, Title 18, United States Code, Section 3232, and any and all related laws of the United States. The defendant agrees to enter a guilty plea to the charges contained in the Bill of Information within the Eastern District of Louisiana in accordance with the terms set forth in this plea agreement.

The defendant further understands that the maximum penalty defendant may receive per count should defendant's plea of guilty be accepted is as follows:

Count 1: Title 18, United States Code, Section 2423(c)

Not more than thirty (30) years imprisonment and/or a fine of $250,000, or the greater of twice the gross gain to the defendant or twice the gross loss to any person under Title 18, United States Code, Section 3571.

Counts 2, 4: Title 18, United States Code, Sections 2252(a)(2) and (b)(1)

Not less than five (5) years and not more than twenty (20) years imprisonment, and/or a fine of $250,000, or the greater of twice the gross gain to the defendant or twice the gross loss to any person under Title 18, United States Code, Section 3571.

Count 3: Title 18, United States Code, Section 875(b)

Not more than twenty (20) years imprisonment and/or a fine of $250,000, or the greater of twice the gross gain to the defendant or twice the gross loss to any person under Title 18, United States Code, Section 3571.

Count 5: Title 18, United States Code, Section 2422(b)

Not less than ten (10) years and not more than life imprisonment, and/or a fine of $250,000, or the greater of twice the gross gain to the defendant or twice the gross loss to any person under Title 18, United States Code, Section 3571.

The Government and the defendant agree, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, that a specific term of imprisonment is appropriate in the disposition of this case, to wit: a term of imprisonment of 300 months.

The defendant understands that the Court may accept or reject the Rule 11(c)(1)(C) agreement as contained in the previous paragraph of this agreement, or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the presentence report as provided for in F.R.Cr.P. 11(c)(3)(A). The parties further agree that should the Court refuse to impose the stipulated sentence, the defendant or the Government has the option of declaring this plea agreement null and void.

Pursuant to Section 3E1.1, Acceptance of Responsibility, of the U.S. Sentencing Guidelines, the Government agrees to a two (2) level decrease in the offense level for the defendant's timely acceptance of responsibility. Further, the Government may file a motion requesting an additional one (1) level decrease in the defendant's offense level, assuming the offense level prior to any reduction for acceptance of responsibility is a level 16 or greater.

2

It is also understood that the restitution provisions of Sections 3663 and 3663A of Title 18, United States Code, will apply and the defendant agrees that any restitution imposed will be non-dischargeable in any bankruptcy proceeding and that defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to the restitution obligation.

Further, the defendant understands that a mandatory special assessment fee of $100.00 per count shall be imposed under the provisions of Section 3013 of Title 18, United States Code. This special assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the plea agreement being void.

The defendant further understands that the Court, in imposing a sentence of a term of imprisonment, shall include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment for a mandatory minimum period of five (5) years and up to life, pursuant to Title 18, United States Code, Section 3583. Supervised release is a period following release from prison during which defendant's conduct will be monitored by the Court or the Court's designee. Defendant fully understands that if defendant violates any of the conditions of supervised release that the Court has imposed, defendant's supervised release may be revoked and defendant may be ordered by the Court to serve in prison all or part of the term of supervised release.

Defendant understands that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291, may give a criminal defendant the right to appeal defendant's conviction, sentence, restitution, fine, and judgment imposed by the Court. Defendant also understands that defendant may have the right to file collateral challenges to defendant's conviction and sentence, and judgment, including but not limited to rights provided by Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, and writs of coram nobis and audita querela. Defendant further understands that Title 18, United States Code, Section 3582(c)(2), may allow the Court to grant a sentencing reduction to the defendant if the defendant has been sentenced to a term of imprisonment based upon a sentencing range that has been subsequently lowered by the United States Sentencing Commission and determined to apply retroactively to defendants who already have been sentenced to a term of imprisonment.

Acknowledging these rights, subject only to the exceptions indicated in subsection (d) below, the defendant, in exchange for the promise(s) and agreement(s) made by the United States in this plea agreement, knowingly and voluntarily:

a. Waives and gives up any right to appeal or contest defendant's guilty plea, conviction, sentence, fine, supervised release, and any restitution imposed by any judge under any applicable restitution statute, including but not limited to any right to appeal any rulings on pretrial motions of any kind whatsoever, as well as any aspect of defendant's sentence, including but not limited to any and all rights which arise under Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291;

b. Waives and gives up any right to appeal any order, decision, or judgment arising out of or related to Title 18, United States Code, Section 3582(c)(2) imposed by any judge and further waives and gives up any right to challenge the manner in which defendant's sentence was

3

determined and to challenge any United States Sentencing Guidelines determinations and their application by any judge to the defendant's sentence and judgment;

   c.  Waives and gives up any right to challenge defendant's sentence collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, writs of coram nobis and audita querela, and any other collateral challenges to his sentence of any kind; and

   d.  The defendant specifically does not waive, and retains the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum. The defendant also retains the right to raise a claim of ineffective assistance of counsel in an appropriate proceeding.

  The defendant further waives any right to seek attorney's fees and/or other litigation expenses under the "Hyde Amendment," Title 18, United States Code, Section 3006A and the defendant acknowledges that the Government's position in the instant prosecution was not vexatious, frivolous or in bad faith.

  The defendant understands that any discussions with defendant's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions. The defendant understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes. The defendant understands the Court could impose the maximum term of imprisonment and fine allowed by law, including the imposition of supervised release.

  In an effort to resolve this matter in a timely fashion and show good faith, the defendant agrees to knowingly, voluntarily, and expressly waive his rights pursuant to Rule 410(a) of the Federal Rules of Evidence upon signing this plea agreement and the factual basis. The defendant understands and agrees that in the event the defendant violates the plea agreement, withdraws defendant's decision to plead guilty, defendant's guilty plea is later withdrawn or otherwise set aside (except in the event the Court rejects the Rule 11(c)(1)(C) agreement contained herein and defendant then declares this plea agreement null and void), any statements made by the defendant to law enforcement agents or an attorney for the prosecuting authority during plea discussions, any statements made by the defendant during any court proceeding involving the defendant's plea of guilty, including any factual bases or summaries signed by the defendant, and any leads from such statements, factual bases or summaries, shall be admissible for all purposes against the defendant in any and all criminal proceedings.

  The defendant has been advised, and he understands, that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: where he resides; where he is an employee; and where he is a student. He understands that the requirements for registration include providing his name, residence address, and the names and addresses of any places where he resides or will be an employee or a student, among other information. He further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three (3) business days after any change of his name, residence, employment, or student status. He has been advised, and he understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal

law, Title 18, United States Code, Section 2250, which is punishable by a fine or imprisonment, or both.

This plea agreement is predicated upon the fact that the defendant agrees to submit to interviews whenever and wherever requested by law enforcement authorities. The defendant understands defendant must be completely truthful. The defendant also agrees to appear before any Grand Jury or trial jury and to testify truthfully. The defendant understands if defendant is not truthful, this agreement will be null and void and defendant may be prosecuted for perjury or making false statements. The defendant agrees neither to implicate anyone falsely nor to exculpate or protect anyone falsely. The defendant further agrees to immediately advise the Government as to any person defendant believes to be violating the law and defendant agrees to assist the Government with regard to the investigation and prosecution of criminal conduct of any other person.

After the parties execute this plea agreement, the Government also agrees that any statements or testimony made later by the defendant pursuant to questions asked by federal agents or prosecutors as a result of this agreement (other than false statements, or those relating to crimes of violence) will not be used against the defendant except for the purpose of impeachment. However, any such statements or testimony given by the defendant can be used as leads or for any other reason against other persons. Further, the defendant fully understands that should defendant commit perjury or give false statements to federal agents, and/or prosecutors, the statements and testimony can be used to prove those offenses, and defendant faces additional criminal charges. However, the defendant acknowledges that if he withdraws his decision to plead guilty, his plea of guilty is successfully withdrawn or otherwise set aside, or he violates the terms of this plea agreement, then any statement or testimony given by the defendant after he signs this plea agreement shall be admissible for all purposes against the defendant and may be used by the government against the defendant in any and all future criminal proceedings.

The Government agrees to bring to the attention of the Court any cooperation rendered by the defendant prior to sentencing. The United States may, but shall not be required to, make a motion or provide a letter to the Court requesting the Court to impose a sentence below the sentence contemplated by the sentencing guidelines or this plea agreement or to request the Court to impose any sentence within the statutory maximum term of imprisonment and fine allowed by law. It shall be in the sole discretion of the United States Attorney as to whether a motion requesting the Court to impose a sentence below the sentence contemplated by the sentencing guidelines or this plea agreement will be filed or to impose any sentence within the statutory maximum term of imprisonment and fine allowed by law. The defendant understands that even if the Government were to file such a motion, the Court may deny it and could refuse to grant a downward departure.

The defendant agrees to forfeit and give to the United States prior to the date of sentencing any right, title and interest which the defendant may have in assets constituting or derived from proceeds the defendants obtained directly or indirectly as a result of the violation(s) to which defendant is pleading guilty and/or which are assets used or intended to be used in any manner or part to commit and to facilitate the commission of the violation(s) to which defendant is pleading guilty. The defendant further agrees not to contest the administrative, civil or criminal forfeiture of any such asset(s). These assets include, but are not limited to, any assets charged in the Bill of Information or any Bill of Particulars filed by the United States. Pursuant to Title 18,

5

United States Code, Section 2253, the defendant consents to the forfeiture of the items contained in Attachment "A" to this plea agreement. The defendant agrees that any asset charged in the Bill of Information or Bill of Particulars is forfeitable as proceeds of the illegal activity for which defendant is pleading guilty. With respect to any asset which the defendant has agreed to forfeit, the defendant waives any constitutional and statutory challenges in any manner (including direct appeal, collateral challenges of any type, habeas corpus motions or petitions, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment to the United States Constitution.

The defendant further agrees to submit to interview whenever and wherever requested by law enforcement authorities regarding all assets within defendant's possession or those assets transferred or sold to or deposited with any third party as outlined within the preceding paragraph. It is also understood that defendant will fully cooperate in providing any and all financial information and documentation, and agrees to voluntarily execute a complete and thorough Financial Statement, Form OBD-500. The defendant understands this information may be provided to a representative of any victim of this offense.

The defendant recognizes that any criminal monetary penalty, whether special assessment, criminal fine, or restitution, that is owed as a result of his/her conviction will be immediately submitted to the Treasury Offset Program. The defendant waives any objection to his/her inclusion in the Treasury Offset Program.

The defendant recognizes that pleading guilty may have consequences with respect to defendant's immigration status if defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which the defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including defendant's attorney or the district court, can predict to a certainty the effect of defendant's conviction on defendant's immigration status. The defendant nevertheless affirms that defendant wants to plead guilty regardless of any immigration consequences that defendant's plea may entail, even if the consequence is defendant's automatic removal from the United States.

The defendant understands that the statements set forth above represent defendant's entire agreement with the Government; there are not any other agreements, letters, or notations that will affect this agreement.

Very truly yours,

KENNETH ALLEN POLITE, JR.
UNITED STATES ATTORNEY

_____
Jordan Ginsberg
Assistant United States Attorney

_____ 5/27/2015
Dylan Utley, Esq.                Date

_____ 5/27/15
John Michael Fowler              Date

## ATTACHMENT A

1. One (1) Apple iPad Model A1458 , Serial Number DMPJL38AF184;
2. One (1) Lenovo T431s laptop computer, Serial Number R9-000DN0;
3. One (1) Samsung Model SM-G900A, Serial Number R38F419DC4M; and
4. One (1) Samsung Model SM-P600, Serial Number RF2F41MZYTD